ELECTRONICALLY FILED
2017 Jul 26 AM 12:38
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2017-LM-003183

**In the District Court of Wyandotte County, Kansas**
**Limited Actions Division**

| | |
|---|---|
| JORGE VERA SR., <br><br> vs. <br><br> BERMAN & RABIN, P.A. <br><br> Defendant. | Case Number: 2017-LM-003183 <br><br> Division: 11 |

## PETITION

COMES NOW Plaintiff, by and through counsel, and for Plaintiff's causes of action against Defendant state as follows:

1. Plaintiff is a resident of Kansas.

2. Defendant Berman & Rabin, P.A. is a Kansas Professional Association.

3. At all times relevant hereto, Defendant was and is engaged in the business of collecting consumer debts in Kansas.

4. The Court has concurrent jurisdiction over the Fair Debt Collection Practices Act pursuant to 15 USC §1692k(d).

EXHIBIT A

1

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT

COMES NOW Plaintiff Jorge Vera Sr., and as for Count I against Defendant state and alleges as follows:

5. Plaintiff incorporates herein the preceding paragraphs as though fully set forth hereunder.

6. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter FDCPA), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

7. Plaintiff is a consumer as defined by 15 USC §1692a(3) of the FDCPA.

8. The principal purpose of Defendant Berman & Rabin, P.A. is the collection of consumer debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

9. Defendant Berman & Rabin, P.A. is a debt collector as defined by 15 USC §1692a(3) who uses any instrumentality of interstate commerce or the mails in any business, the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another or by taking of assignment of a debt already declared to be in default by the originating creditor.

10. The Defendant was attempting to collect a consumer debt as defined by 15 USC §1692a(5) as an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

11. The standard in determining whether the Defendant violated the FDCPA is the least sophisticated consumer standard. Claims should be viewed from the perspective of a consumer whose circumstances make him relatively more susceptible to harassment, oppression or abuse. *Schweizer v. Trans Union Corp.*, 136 F.3d 233, 237 (2nd Cir. 1998); *Swanson v. Southern Oregon Credit Service*, 869 F.2d 1222, 1225-27 (9th Cir. 1988); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1172 -75 (11th Cir. 1985); *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991).

12. Midland Funding, LLC buys bad debts from banks for pennies on the dollar and uses telephones, mail and the court system to collect.

13. As part of the collection activity, Midland Funding, LLC hired Defendant Berman & Rabin, P.A. to file lawsuits against consumers in Wyandotte County, Kansas.

14. On September 23, 2015, Midland Funding filed case number 2015-LM-004601 in the Wyandotte County District Court, Limited actions division, entitled Midland Funding, LLC v. Jorge Vega purporting to have purchased a debt from Citibank for $1170.92.

15. Midland Funding, LLC was represented by Defendant Berman and Rabin in case number 2015-LM-004601.

16. On that same date, a summons was issued to Jorge Vega to be served at 1265 Metropolitan Avenue, Kansas City, Kansas 66103.

17. On October 8, 2015, the Summons was personally served on Plaintiff, Jorge Vera, Sr. at 1265 Metropolitan Avenue, Kansas City, Kansas 66103 by the Wyandotte County Sheriff's office.

18. Plaintiff informed the Sheriff's officer that he was not Jorge Vega but was told by the officer he would still have to appear in court.

19. The summons served on Plaintiff said that if Plaintiff did not appear at the answer date on October 26, 2016, a default judgment would be entered against him.

20. Plaintiff hired counsel to defend him in the case.

21. Plaintiff, through counsel, explained to Defendant Berman & Rabin, P.A. that he was not Jorge Vega and that he had been confused by other bad debt buyers, such as Midland Funding, LLC.

22. On November 10, 2015, Defendant Berman & Rabin, filed a Motion to Quash Service, stating that:

   a. "On or about October 8, 2015, service of process was purportedly personally served upon Defendant, Jorge Vega."

      b. "Plaintiff has now been informed that the Jorge Vega who resides at that address and who was served is not the Defendant, but rather is the Defendant's father of the same name".

      c. "The proper defendant has not been properly served in this case".

23. On December 21, 2015, the case was dismissed without prejudice.

24. On August 26, 2016, Defendant Berman & Rabin, filed a Motion to Set Aside the Dismissal, stating:

      a. "Plaintiff filed its Petition in this matter, Defendant was served with Summons for scheduled hearing on October 26, 2015. Defendant failed to comply with the summons, entitling the Plaintiff to judgment by default.

      b. "Plaintiff desires to obtain a judgment granting its petition, and will submit its Journal Entry of Judgment in this matter."

25. The motion then prays to set the dismissal aside.

26. The Certificate of Service in the Motion was sent to Jorge Vera at 1265 Metropolitan Avenue, Kansas City, Kansas.

27. The caption of the case in the Motion was changed from "Jorge Vega" to "Jorge Vera".

28. There was no motion to substitute parties.

29. At the time the motion to set aside the default was served, Defendant knew that Plaintiff was represented in the matter.

30.     15 U.S.C. §1692e entitled false or misleading representations states that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

31.     Specifically, Defendant' acts violated the following subsections: (2) the false representation of the character, amount, or legal status of any debt; (5) the threat to take any action that cannot legally be taken or that is not intended to be taken; (8) communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed; and (10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

32.     15 U.S.C. 1692c prohibits a debt collector from contacting a consumer after the debt collector knows the consumer is represented by an attorney with regard to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address, not communicate with any person other than that attorney, unless the attorney fails to respond within a reasonable period of time to the communication from the debt collector.

33.     15 U.S.C. 1692f(1) prohibits a debt collector from the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

34. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

35. As a result of the above violations of the stated Act, the Defendant Berman & Rabin, P.A. is liable to the Plaintiff for actual damages; statutory damages up to $1,000.00 pursuant to 15 U.S.C. §1692k; costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for actual damages; statutory damages pursuant to 15 U.S.C. §1692k; costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and for such other and further relief as may be just and proper.

Respectfully submitted,

By: /s/Michael Rapp
Michael Rapp #25702
A.J. Stecklein #16330
Stecklein & Rapp, Chtd.
748 Ann Ave
Kansas City, KS 66101
Telephone: (913) 371-0727
Facsimile: (913) 371-0727
Email:
aj@kcconsumerlawyer.com
mr@kcconsumerlawyer.com
Attorneys for Plaintiff

ELECTRONICALLY FILED
2017 Jul 26 AM 12:38
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2017-LM-003183

Jorge Vera
vs.
Berman & Rabin, P.A.

Division: 11

**SUMMONS**

To the above-named Defendant/Respondent:

**Berman & Rabin PA**
**Daniel Scott Rabin**
**15280 Metcalf Avenue**
**Overland Park, KS  66223**

You are hereby notified that a lawsuit commenced against you will be on this court's docket at 09:00 AM, on 08/21/2017, to be held at the following location:

Wyandotte County District Court
Wyandotte County District Court
710 N. 7th St.
Kansas City, KS 66101

If you do not appear before this court or file an answer at such time, judgment by default will be taken against you for the relief demanded in the petition.

If you intend to appear at such time and dispute the petition, you must file an answer with the clerk of this court within 14 days thereafter.

If you are not represented by an attorney, the answer shall be signed by you.  The answer shall state the following:

(1) what the dispute is;
(2) any affirmative defenses you have to the claim; and
(3) your (or your attorney's) current address, phone number, fax phone number, and e-mail address.

You must also promptly send a copy of your answer to the plaintiff's attorney or the plaintiff, if the plaintiff has no attorney.



Clerk of the District Court
Electronically signed  on 07/26/2017 08:00:52 AM

**Documents to be served with the Summons:**
PLE: Petition Petition